Judge Wright
delivered the opinion of the court:
The first question for us to examine arises upon the sufficiency of the first count of the plaintiff’s declaration. It is objected to the count that the interest of Spencer, for whose use the suit is brought, is not disclosed. The act pointing out the manner in which suits may be prosecuted, on the bonds of executors, administrators, and officers (29 Ohio L. 267), makes any person injured by the misconduct of an officer competent to obtain a certified copy of the bond, and to institute and carry on in the name of the obligee, for the use of the person suing, an action of debt, and to recover judgment for the amount of the bond, and to have execution for what may be sufficient to indemnify him. The act does not prescribe any method of setting forth the nature of the interest of the person so suing, except in the progress of the cause 152] but, on the contrary, it authorizes any ^person injured to sue in the name of the state for his use. The general practice, we-, believe, has been so to sue obligations not assignable, and in cases where the right to sue arises by special provision or operation of law. In Numlin et al. v. Westlake, 2 Ohio, 25, this subject is considered, and the court say: “ It is the common practice in the courts of this state to designate in this way the person for whose benefit a suit is brought, when it is necessary to commence it in the name of the original obligee or payee, and it has been considered a sufficient authority from the nominal plaintiff to justify the officer in paying the proceeds of the judgment to the person designated.” We are satisfied with the practice, though the Other objection to this count of the declaration may render it unnecessary to decide this point.
It is further objected to this count that there are no breaches assigned. The argument in favor of this objection concedes it to be the usual practice on private bonds to declare upon the penalty without setting out the condition and assigning breaches. We think the practice in England, and in most of the states, upon bonds of this character, is the same. It is generally admitted in both countries that it would be a more convenient practice, in all cases, to set out the condition, and assign breaches in the declara *157 tion. Counsel claim that the act pointing out the manner of prosecuting suits of official bonds, 29 Ohio L. 267, requires the breaches to be assigned in the declaration. Section 2 of that act makes it lawful, after judgment, for any person injured to proceed by sci. fa. on the judgment until the whole amount is exhausted, and provides, “that the plaintiff shall always set forth the breach ■or breaches on which he may intend to rely, to support his suit.” It is urged for the defendant, and we think with force, that to sanction the mode of pleading adopted in this case, would give to .the plaintiff an unfair advantage, inasmuch as it would operate to .prevent the defendant from availing himself of the provisions of the law allowing the defendants to plead “ as many several matters as he shall think necessary for his defense.” 29 Ohio L. 67. Under the constructions which have obtained to this statute, if the breaches are not assigned in the declaration, the defendant would, in general, be limited to one matter of defense, because the -courts hold that the authority to plead several matters is not an -authority to rejoin several matters. This statute is beneficial to defendants, and there exists strong reason why public officers -should not be ^deprived of its benefits.’ The plaintiff’s [153 ■counsel insist, however, that the provision of the act subjecting ■the cestui que use to costs, in the event of a judgment for the defendant, secures him against the evils resulting from this deprivation. We do not concur in this. The evil is the cutting him off from the opportunity-of making his defense to the action. It would, in our opinion, afford him little consolation to tell him, after judgment against him, that if his defense had been let in, •and he had recovered judgment, he might have recovered costs .against the person who had caused the suit to be brought against ;him, instead of the obligee of the bond. It is further urged -that this mode of declaring on bonds of this description received the sanction of this court in the case of Ohio, for Fulton, v. Colerick et al., on a sheriff’s bond. 3 Ohio, 487. .A reference to the authority shows, indeed, that the declaration in that case was upon the “ obligatory part of the bond,” but no objection was raised upon that account, nor is the point alluded to in the argument of the counsel, or the opinion of the ■court. The point, therefore, in this state, is an open one. The statute fairly admits of the construction which requires of the plaintiff to set out the condition of the bond, and assign his *158 breaches in the declaration. That construction is of admitted convenience in practice, and conducive to the ends of justice. We-know of no rule of practice, or principle of law, that will be violated in its adoption. If the meaning of the legislature were more doubtful than we consider it, the clause of the act referred to, allowing costs against the cestui que use, shows the term plaintiff to be used in the act in its ordinary legal sense. This count,, therefore, is bad, and the demurrer to it-must be sustained.
The first breach assigned in the second count, is demurred! to, because it is too general, merely negativing the words of the-condition of the bond. The rule is, that the breach must be-assigned with such certainty, as to show the subject matter of complaint, and it would be bad to assign for breach, that the defendant had not performed his agreement, unless the contract were such that such assignment must apprise him of the complaint. Com. Dig., Pleader, 48; 7 Price, 550. Apply this rule to the breach under consideration. The undertaking is, that the defendant, a public officer, shall perform all the duties of his office — ■ the breach, that he has not performed all the duties of his office-What cause of complaint does this apprise the defendant of, 154] that he may be prepared to meet it? *Is he required to-procure evidence, and stand ready to defend all his official acts for-years ? If it be said he is only to look to those official acts con- ' nected with the cestui que use, the answer is, the clerk’s acts are numerous, his duties various; the plaintiff himself may have had many transactions in the office; and though he must know what-he complains of, the clerk can not know without the particular-matter is pointed out. We think it very clear that this general assignment, though negativing the words of the condition, in this-class of cases, is not sufficient, because it does not reach the end of all pleading, the giving notice of the action relied upon. The second point made on the demurrer to this bond has been already considered in the demurrer to the first count.
The second breach, in substance, is, that Spencer recovered a judgment in the- common pleas, and the defendant, as clerk, took an insufficient bond for an appeal of the cause, certified the appeal, and afterward refused to issue an execution, according to-the plaintiff’s direction and request, whereby he lost the judgment, by the insolvency of the defendant, between the appeal and the judgment recovered in the Supreme Court. The gravamen of *159 this breach is the alleged refusal of the clérk to issue execution when directed and requested. It is a well settled rule, that pleadings are to be construed most strongly against the party pleading. Section 10 of the practice act of 1824, 22 Ohio L. 54, provides, “ that any person requiring a writ shall file a precipe with the clerk, who shall make out and deliver such writ or process as is directed.” No clerk is bound to issue process, without a precipe in writing filed as his authority and indemnity. If it be supposed, then, though we do not decide that point, that the clerk took an illegal bond, the breach shows that Spencer, in whose favor it was taken, knew it, and required an execution on that ground. But was this requisition a legal one? One that the clerk was bound to obey? We think not. The breach shows, that Spencer so thought himself, for instead of moving to quash the appeal, because of the illegality of the bond, he prosecuted the suit, as if properly appealed, and thus ratified the act of the clerk, in taking the bond and refusing the execution; for if the cause was appealed no execution could be issued. So that, if the execution had been legally required by precipe, it does not seem clear to us that the clerk could be made liable for taking an inoperative appeal bond. *But we intend to leave that question unde- [155 cided for the present, as we are of opinion the other objection is fatal to this breach.
The third count, like the second, sets out the condition of the bond, the recovery of the judgment, and that Spencer, at the office of the defendant,.directed and requested him, as clerk, to make out an execution upon the judgment, which, in violation of his duty, he neglected to do, whereby the debt was lost.
This count is obnoxious to the objection we have examined, as to the second breach of the second count. It does not show that the direction or request for execution was such as the law requires, or such as imposed upon the clerk an obligation to act; no precipe was filed for the writ. And although it alleged that the refusal was contrary to the defendant’s duty as clerk, yet, where the act claimed to be in violation of duty is set forth, the court will look at it, to see if it appears to be such in law, the plaintiff being supposed to disclose his true case in its strongest aspect; and if, on examination, the act does not appear to be in violation of the duties of the officer, the legal presumption is in his favor, and will avail him. If a party would subject an officer, *160 he must take care that his own steps are conformable to law. This count is also insufficient.
The six several demurrers of the plaintiff to the pleas of the defendant, therefore, are overruled. This is done without examining the sufficiency of the pleas, upon the familiar maxim that a bad plea is good enough for a bad declaration.
Leave was given to the plaintiff to amend, on paying the costs.