*Foran, McTight & Baker,* for plaintiffs in error.

*Brewer, Cook & McGowan,* for defendant in error.

---

## ACTION ON GUARDIAN'S BOND.

[Circuit Court of Lucas County.]

ALVINA A. WEGNER v. JOHN L. WILTSIE ET AL.

Decided, February 7, 1902.

*Guardian and Ward—Bond of Guardian—Action on Accrues, when—Jurisdiction—Conclusions of Law and of Fact—Pleading.*

1. No cause of action accrues in favor of a ward on the bond of his guardian until final settlement and adjudication of the account of the guardian in the probate court.
2. The death of the guardian without filing an account, and leaving no books of account or memoranda from which his indebtedness to the estate can be ascertained, does not give the common pleas court jurisdiction on the bond of the guardian to compel an accounting and payment to the ward of the amount found due him.
3. An allegation that under such circumstances the jurisdiction of the probate court is ineffectual for the purpose of obtaining an accounting, states a conclusion of law and not of fact to be taken as admitted on demurrer.

HULL, J.; HAYNES, J., and PARKER, J., concur.

This is a proceeding in error to reverse the judgment of the court of common pleas entered against the plaintiff upon a demurrer to the third amended petition, demurrers having been sustained to the petitions theretofore filed.

The action is founded on a guardian's bond, and the petition sets forth in the first cause of action that:

"On November 21, 1896, Herman Baumbach was duly appointed by the Probate Court of Lucas County, Ohio, guardian of the property of the plaintiff, then fourteen years of age; that said Baumbach as such guardian entered into a bond as required by law, in the sum of $5,000, with Charles Hanner and J. L. Wiltsie as sureties, which said bond was duly approved by said court, and under the terms and conditions of which bond the said Charles Hanner and John L. Wiltsie were and are jointly and severally liable; that said bond was upon the condition that said Baumbach as such guardian should discharge with fidelity the trust reposed in him, and render an accurate statement of his transactions, with a just account of the profits arising from the real and personal estate of his said ward, and deliver up the same to the court, when thereunto required, a copy of which bond is hereto attached, marked exhibit 'A.'

"There came into the possession and custody of said Baumbach as such guardian the sum of $22,500 in money, which belonged to and was the property of this plaintiff. Said Baumbach continued to act as such guardian and to administer said trust until on or about August 15, 1898, when he died, and in a short time thereafter, John N. Magee was duly appointed and qualified as guardian of the person and property of plaintiff, continuing to administer said trust until the plaintiff became of the age of eighteen years, to-wit, on March 26, 1900.

"On August 25, 1898, John E. Parsons was by the probate court of said Lucas county duly appointed and qualified as administrator of the estate of said Herman Baumbach, deceased, which estate then was and still is wholly insolvent. Said administrator filed his final account and was discharged by the probate court on or about June 8, 1899, without being able to acquire information by which he could settle up the account of said Baumbach as such guardian, although diligent and protracted search was made by said administrator to obtain the necessary information, there being an entire absence of books or papers that would enable him so to do; but as such adminis-

trator said Parsons delivered to said Magee, as such guardian, one promissory note of $400, one promissory note of $200 and $12.60 in cash then remaining in bank to the credit of said guardianship estate, which property was all that said administrator was able to discover belonging to said estate of the plaintiff. Said Magee, as said guardian, 'has filed his final account setting forth his dealings with respect to said property so coming into his hands from said Parsons, and such account has been duly approved and confirmed and said guardian discharged.

''Plaintiff avers that out of or from the said $2,500 received as aforesaid by said Baumbach, she has not been paid nor has she received the benefit, either directly or indirectly, of more than the sum of $1,362; and that said Baumbach failed to faithfully perform his duties and discharge with fidelity the trust committed to him, in that between July 2, 1897, and March 31, 1898, he wrongfully converted to his own use the remainder of the said property coming into his hands as such guardian.

''By reason of the negligence of said Baumbach, and his omission  and failure to provide himself with proper books or memoranda, and for other reasons not known to this plaintiff, no account, either partial or final, was ever prepared or filed in said probate court by him in relation to said guardianship property; nor has this plaintiff, or any one in her behalf, been able, after diligent search, to discover any books, papers or other information which would show an accurate statement or the detailed transactions of said guardian, and an accounting can not be obtained from or with said guardian in the exercise of the power and jurisdiction of said probate court in respect to said estate, and such jurisdiction is ineffectual for that purpose.''

Then follows a second cause of action, setting forth that Charles Hanner, one of the bondsmen, carried life insurance to the amount of several thousand dollars, with several life insurance companies that are named, the life insurance being in favor of his wife and children—some in favor of his wife and some in favor of the children. And it is claimed that under Section 3628, Revised Statutes, plaintiff is entitled to have a certain amount of this life insurance subjected to her claim, it being in excess of the amount that could be carried as against creditors, under Section 3628, Revised Statutes, as it then stood. And plaintiff prays that these defendants be required to answer and disclose the amount of life insurance carried upon the life

of said Charles Hanner, and a number of interrogatories are attached to the petition upon that subject; and asks "that an acounting may be had of said trust property in the hands of said Herman Baumbach, as aforesaid, and of his dealings with respect thereto as such guardian, and that the plaintiff may have judgment for the amount found due her, with interest thereon from March 1, 1898; that the amount of the liability of said Charles Hanner on said guardianship bond be determined; that an accounting may be had as to said life insurance upon the life of said Charles Hanner, deceased, and the annual premiums or payments therefor; that the amount of each of the insurance premiums and annual payments or cost aforesaid be added together, and that only such portion of all of said insurance as the sum of $150 will bear to the whole of such annual premiums and payments be declared to belong to said beneficiaries, within the meaning of Section 3628, Revised Statutes, and that the residue of such insurance (or so much thereof as may be necessary) be ordered paid over to the plaintiff to be applied to the payment of her said claim and the liability of said Charles Hanner on said guardianship bond. And for such other and further relief in the premises as the nature of the case may require and as in equity may seem meet and proper."

To this third amended petition was filed a demurrer on the grounds:

First. That the plaintiff is without legal capacity to sue.

Second. That several causes of action are improperly joined.

Third. That separate causes of action against several defendants are improperly joined in said amended petition.

Fourth. That said amended petition does not state facts sufficient to constitute a cause of action against this defendant.

The demurrer was sustained by the common pleas court, as demurrers had been to the preceding petitions, and the plaintiff not desiring to plead further, judgment was rendered against her. And this is the judgment that is sought to be reversed in this court.

The claim on the part of the defendant in error, coming first to the fourth ground of demurrer, is that the petition does not state facts sufficient to constitute a cause of action, for the reason

that it does not show either that Herman Baumbach filed a final account as guardian of plaintiff and had that account passed upon and settled by the probate court, or that his administrator, John E. Parsons, ever filed such account with the probate court, or had any settlement thereon, or any adjudication of the probate court as to the amount due from Herman Baumbach, as her guardian, to plaintiff.

The claim is that no cause of action would accrue to the plaintiff until final settlement was had with the probate court, and adjudication of this account was had in that court. It is claimed by the plaintiff in error that if the allegations contained in the amended petition are true, as is admitted upon demurrer, it was impossible to have an accounting and settlement in probate court, and that in the language of the pleading, "an accounting can not be obtained from or with such guardian in the exercise of the power and jurisdiction of said probate court in respect to said estate, and such jurisdiction is ineffectual for such purpose," and therefore it is urged by counsel for plaintiff in error, that the plaintiff had a right to file her petition in the court of common pleas without first having a settlement and accounting in the probate court, and that she may have an accounting in the court of common pleas with these defendants, and the amount due her determined, and that she may recover judgment, and that they should be required to account to her for the excess of life insurance.

Section 524, Revised Statutes, providing for the jurisdiction of the probate court, provides, among other things, that—

"The probate court shall have exclusive jurisdiction, except as hereinafter provided: * * * to appoint and to remove guardians, to direct and control their conduct and settle their accounts."

Unless this is a case where there can not be an accounting in the probate court, or can not be an accounting within the exercise of the power and jurisdiction of the probate court, then it is not a case where such an action can be maintained in the court of common pleas, for the probate court has exclusive jurisdiction of these matters.

There has been several decisions of the Supreme Court on this question. A case cited by counsel for plaintiff in error is found in *Bricker* v. *Elliott,* 55 Ohio St., 577, where it is held, as laid down in the syllabus:

"A suit to compel a trustee to account to the beneficiaries of his trust and for a judgment for the amount which, upon such accounting, may be found in his hands, is not an action for the recovery of money only; and from the judgment of the court of common pleas in such action either party may appeal to the circuit court."

The only question decided in this case was that in such an action either party may appeal to the circuit court, and this was an action against a trustee to compel him to account to the beneficiaries, and not an action upon a guardian's bond. On page 580 of the opinion, which was rendered by Judge Shauck, the court say:

"In the original petition the plaintiff did not allege an indebtedness for a definite amount due from the defendant. He alleged facts which excused him from doing so, by showing that, although the parties were adversary in the suit, they had not been so in the transaction out of which it arose."

It is not necessary to discuss the facts in this case. It was a suit brought against a man who had been acting as a trustee for his mother and it was brought by her administrator, requiring him to account for money and property that came into his hands. This authority is hardly applicable to the question before us now, which is whether this action can be brought against the bondsmen of Herman Baumbach, as guardian of this plaintiff, for an alleged default in the guardian's bond before there has been a settlement in the probate court, and that court has found and adjudicated the amount due from Baumbach to his ward.

*Newton* v. *Hammond,* 38 Ohio St., 430, it seems to us, is in point and decisive. A portion of the syllabus in the case is:

"The jurisdiction of probate courts over the settlement of such accounts is exclusive.

"A right of action on a guardian's bond to recover from the sureties the amount remaining in the hands of the guardian, first accrues to the ward when such amount is ascertained by the probate court on the settlement of the guardian's final account."

And the court say, on pages 434 and 435 of the opinion:

"The plaintiffs in error contend that 'the right of action' of the plaintiff below first accrued to him at his majority, at which time he undoubtedly had a right to compel his guardian, by judicial process to perform his duty, to-wit, to make final settlement and payment. We hold, that the 'right of action' meant by the statute is the right to prosecute a suit on the cause of action therein stated, and, as applied in this case, means a suit on the guardian's bond. The right to sue on the bond, and the right to compel the guardian to render a final account are very different rights. The latter can be enforced only in the probate court, while that court has no jurisdiction over the former. Section 2 of the probate act (S. & C., 1212) gives to the probate court exclusive jurisdiction: 'To appoint and remove guardians, to direct and control their conduct, and to settle their accounts;' and by Section 1, Clause 4, of the act of March 26, 1872 (69 Ohio L., 50), it is made the duty of every guardian, 'at the expiration of his trust, fully to account for, and pay over to the proper person, all the estate of his ward remaining in his hands.' That the settlement of this final account is within the exclusive jurisdiction of the probate court is not disputed, but the claim of the plaintiff in error is, that the failure to make the account, and pay over the estate remaining in his hands, at the expiration of the trust, is a breach of the bond, for which a right of action immediately accrues to the ward. And in support of this claim, *State* v. *Humphries*, 7 Ohio (pt. 1), 223, is relied on, in which it was held that a previous settlement of the accounts of a guardian was not necessary to an action on his bond. In that case, however, it was admitted that it had been settled by adjudication, * * * that an action on an executor's or administrator's bond would not lie until after settlement of accounts, in the absence of a statute on the subject, yet, as the Legislature had subsequently adopted the rule as to executor's and administrator's bond, without including guardians, it was therefore held that an action on a guardian's bond might be maintained without a previous settlement of his accounts, in accordance with a practice which had obtained in respect to other official bonds; namely, in respect to an insolvent's bond and a clerk's bond (3 Ohio, 508; 6 Ohio, 150), cases in which no accounting was required by statute. But *Bartlett* v. *Humphries* is of little or no weight on the question now under consideration, for, as we have shown by reference to the act of March 26, 1872, every guardian is now required at the expiration of his trust to file a final account in the probate court, 'fully to account for and pay over;' that is, to account first, so

that the amount in his hands may be judicially ascertained, and then pay over, etc.

"The settlement made in the probate court of the accounts of the guardian shall be final between him and his ward, unless an appeal be taken to the court of common pleas, or the same be set aside for fraud or manifest mistake. Section 31 of Guardian's Act (S. & C., 677), and Section 33 of the same act provides: 'When any guardian has died, or may hereafter die, before the settlement in court of his or her guardianship account, it shall be the duty of the executor or administrator of such guardian to settle up said account in the same manner as such guardian ought to have done.

"If an accounting can not be obtained from the guardian in the exercise of the power and jurisdiction of the probate court, we do not deny that an action on the bond against the makers may be prosecuted in a court of equity for an account and other relief; otherwise, such final accounting being a duty enjoined by law, and the enforcement of it being entirely within the jurisdiction of the probate court, a jurisdiction declared by statute to be exclusive, and that court performing a judicial function in finding the balance due upon such accounting under the power conferred upon it by statute, no action will lie against the guardian and his sureties on his bond for a breach thereof, for any balance due from the guardian to his late ward in a court of law, until such balance shall have been fixed by final settlement in the probate court.

"That an accounting must precede judgment is clear from the fact that the amount of the judgment can not otherwise be ascertained. Exclusive jurisdiction in the settlement of the account is given to the probate court. The probate court has no jurisdiction in an action on the bond."

This case and one or two other cases seem to decide clearly and finally that unless the jurisdiction of the probate court has been ousted in some way, or it is impossible to settle the matter within the jurisdiction of the probate court, an action can not be maintained upon the guardian's bond until there has been a settlement and adjudication of the amount due in the probate court.

*Gorman* v. *Taylor*, 43 Ohio St., 86, paragraph three of the syllabus is as follows:

"A suit in equity on a guardian's bond, to compel an account can not be maintained without a showing that the powers and

jurisdiction of the probate court are ineffectual to secure such accounting.''

And it is held in *Braiden* v. *Mercer*, 44 Ohio St., 339, that the settlement in the probate court is conclusive and final against the sureties. The syllabus is:

''In an action upon a guardian's bond for the recovery of the amount found due the ward upon a final settlement of the guardian's accounts in the probate, court, the sureties are concluded by the settlement, and will not be heard, in the absence of fraud and collusion, to question its correctness or to demand a rehearing of the accounts.''

It is sought to avoid these decisions of the Supreme Court and the law as therein established by the allegations in the amended petition that Baumbach kept no books or memoranda of accounts whereby it could be ascertained how much was due from him to his ward, and therefore it was impossible to compel any account or have any settlement of Bumbach's account; and the further allegation, ''that an account can not be obtained from or with said guardian in the exercise of the power and jurisdiction of the probate court with respect to said estate, and such jurisdiction is ineffectual for that purpose.'' This last averment is purely a conclusion of law. It is not an allegation of fact to allege that the probate court is without jurisdiction or that an accounting can not be had within the exercise of the power and jurisdiction of that court, or that such jurisdiction would be ineffectual; it is necessary to plead facts to show that that is the case.

We are of the opinion that the first cause of action in this petition does not state facts sufficient to constitute a cause of action; and if the first cause of action falls, the second must fall, for it is based upon it. And there is in fact but one cause of action. That is the claim which plaintiff has against the bondsmen and their representatives. The fact that Baumbach kept no books or accounts and left no memoranda behind him did not oust the jurisdiction of the probate court. It might make it more difficult to ascertain in what amount if any he was indebted to his ward, but it would not affect the jurisdiction of the court or render the jurisdiction of the court ineffectual, and it would

be no more difficult to ascertain in the probate court in what amount he was indebted to his ward than it would be in the court of common pleas or in this court. It would be a matter of accounting, a matter to be determined by the court from such evidence as could be offered, such papers and memoranda as could be found; and the adjudication of the probate court upon this question, as decided by the Supreme Court, would be final as against the surety in the absence of fraud or mistake or collusion.

We are unable to see how these allegations in the petition to which reference has been made take the case out of the rule established by these decisions of the Supreme Court, or afford any substantial reason or ground why an accounting should not be had in the probate court and this matter determined there. It is not necessary to state or discuss the rules of law or evidence that would apply in a hearing of that kind. The whole matter is within the exclusive jurisdiction of the probate court. There has been no settlement or finding or adjudication of that court fixing the amount due from Baumbach to his ward, and the court of common pleas had no jurisdiction to require an accounting and settlement or make a finding thereon.

Being of this opinion as to this branch of the case, it is not necessary to discuss the second claim of the plaintiff that the life insurance in a certain amount should be applied to plaintiff's claim. If plaintiff can not maintain her action against Baumbach's bondsmen, for the breach of the guardian's bond, she of course is not entitled to an accounting against the children and the widow of the bondsman Hanner for the excess of life insurance.

We are of the opinion that the court of common pleas was right in sustaining the demurrer. Holding as we do, that the petition does not state facts sufficient to constitute a cause of action, it is not necessary for us to discuss the other grounds set up in the demurrer.

For the reasons stated, the judgment of the court of common pleas is affirmed.

*George A. Bassett*, for plaintiff in error.

*Kinney & Newton*, for Louis Hanner et al.